UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **HUNTER DAVID CASSIDY** | **DOCKET NO. 6:25-cv-0279**<br>**SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MARSHALS OFFICE CITY OF LAFAYETTE, ET AL** | **MAGISTRATE JUDGE AYO** |

<u>**MEMORANDUM RULING**</u>

The following motions filed by Plaintiff Hunter David Cassidy are before the undersigned: DEMAND FOR JUSTIFICATION OF ELECTRONIC DEVICE POLICY (Rec. Doc. 5), EMERGENCY MOTION FOR INJUNCTION AGAINST UNLAWFUL ARREST & HARASSMENT (Rec. Doc. 6), NOTICE AND DEMAND TO CORRECT FILING STATUS AND COMMUNICATIONS REQUIREMENT (Rec. Doc. 8), and MOTION TO COMPEL ENTRY OF DEMAND FOR REDRESS AND SCHEDULING OF TRIAL BY JURY (Rec. Doc. 10).

**I.    Motion/Demand for Justification of Electronic Device Policy (Rec. Doc. 5)**

Cassidy requests the "official written policy that governs the possession and use of electronic devices, specifically cell phones, within this courthouse." Rec. Doc. 5 at p. 1. He believes that the restriction "appears to create an unlawful distinction between BAR attorneys – who operate within a foreign jurisdiction- and the people, who hold inherent rights." *Id*. Cassidy contends that this policy restricts his ability to document, communicate, and access legal materials and violates the First Amendment.

Standing Order 1.93, adopted by the judges of the Western District of Louisiana, governs possession and use of electronic devices in the courthouses in this district. It provides that no electronic device, including cellular phones, may be brought into or used in any courthouse in the district by visitors without the prior approval of a judge of this court, subject to certain exceptions. Those exceptions are for employees of the government with

official business in the courthouse, attorneys in good standing who have business with the court, and witnesses who are scheduled to testify and for whom an attorney has obtained prior permission from a judge.

This order was adopted by the court after internal deliberation and consultation with the U.S. Marshal about security concerns. Cassidy has not explained how the lack of a cell phone inside the courthouse prevents him from accessing the court or otherwise denies any constitutional right. One does not have a constitutional right to possess a cell phone at every place he visits. *Gardner v. Caddo Parish Sheriff Office*, 2013 U.S. Dist. LEXIS 24082 (W.D. La. Feb. 5, 2013).

**IT IS ORDERED** that this motion (Rec. Doc. 5) is **DENIED**.

II.     **Motion for Injunction Against Unlawful Arrest and Harassment (Rec. Doc. 6)**

In this motion, Cassidy asks this Court to enjoin the defendants from executing arrest warrants against him and from publishing his name or personal information in connection with the criminal charges pending against him in Lafayette City Court. The Court's duty is to review Cassidy's compliant for alleged violations of his constitutional rights. To the extent that Cassidy asks this Court to intervene in an ongoing state criminal proceeding, his claim for injunctive relief fails based on the abstention doctrine of *Younger v. Harris*. *El v. City of Shreveport,* 2017 U.S. Dist. LEXIS 198326 (W.D. La. Oct. 20, 2017). Under the well-established doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. *Knowlton v. Office of DA,* 2009 U.S. Dist. LEXIS 113742 (W.D. La. Oct. 30, 2009). This doctrine, which is alternately called "abstention or nonintervention," is based on considerations of equity, comity, and federalism. *Id.* (citing *DeSpain v. Johnston*, 731 F.2d

2

1171, 1175-76 (5th Cir. 1984). Cassidy has failed to demonstrate that extraordinary circumstances are present to warrant federal intervention in this instance.

**IT IS ORDERED** that this motion (Rec. Doc. 6) is **DENIED**.

### III. Notice and Demand to Correct Filing Status and Communications Requirement (Rec. Doc. 8)

In his next filing, Cassidy objects to the terms "pro se" and "prisoner" found on the Court's civil rights complaint form. The undersigned acknowledges that Cassidy is not a prisoner and, therefore, not required to utilize the form. There is no "non-prisoner civil rights complaint" form. Therefore, <u>the Clerk is instructed to remove the deficiency as to form and the matter will proceed on the filings in the record</u>. As discussed in detail below, Cassidy's objection to the term "pro se" is without merit.

Cassidy's request that all communication be mailed to him via Certified Mail Return Receipt Requested is denied. The Federal Rules of Civil Procedure allow for service by mailing a paper to the person's last known address in which event service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). Certified mail is not required and will only be utilized in certain circumstances at the Court's discretion.

**IT IS ORDERED** that this motion (Rec. Doc. 8) is **GRANTED IN PART** and **DENIED IN PART**.

### IV. Motion to Compel Entry of Demand for Redress and Scheduling of Trial by Jury (Rec. Doc. 10)

In this motion, Cassidy seeks (1) immediate entry and docketing of the amended filing as a civil action, not a prisoner action; (2) correction of status and classification, recognizing he is not a 14th Amendment U.S. citizen, not a prisoner and not a *pro se* litigant; and (3) scheduling of a jury trial. As discussed above, the Clerk is to docket Cassidy's filings and remove any deficiencies as to form.

Cassidy argues that he is "not a 14th Amendment citizen, nor a corporate entity, but a non-resident alien, sui juris, making a private civil claim." Rec. Doc. 10-1 at p. 1. His motion for clarification of status is meritless. There would be no legal significance in holding that Cassidy can proceed "sui juris" as opposed to "pro se." The terms are not mutually exclusive:

> The term sui juris is a Latin term and translates as "of one's own right; independent." In the legal field, sui juris is used to signify someone who has reached the age of majority or someone who possesses full civil rights. Pro se is also a Latin term and it translates as "[f]or oneself; on one's own behalf." In the legal field, pro se is used to indicate a litigant who is proceeding without the assistance of a lawyer. By their plain meanings, the two terms convey different ideas and have no effect on each other.

*Miranda v. Alexander,* 2022 U.S. Dist. LEXIS 48827*,* at *11 (M.D. La. Feb. 24, 2022) (citing *Winsey v. Nationstar Mortg. LLC*, 2017 U.S. Dist. LEXIS 105903, 2017 WL 2931381, at *1 (M.D. Fla. July 10, 2017) (quoting and citing BLACK'S LAW DICTIONARY (10th ed. 2014)). "Federal courts . . . have regarded parties as appearing pro se even where the parties have asserted that they are appearing sui juris rather than pro se." *Hall v. Washington Mut. Bank*, 2010 U.S. Dist. LEXIS 153076, 2010 WL 11549664, at *3 (C.D. Cal. July 7, 2010) (citing cases). Courts have repeatedly found no significance in a parties' designation as proceeding "sui juris" as opposed to "pro se." *See, e.g., Jackson v. Massachusetts*, 2018 U.S. Dist. LEXIS 177303, 2018 WL 5017919, at *1 (D. Mass. Oct. 15, 2018) ("To the degree [the Plaintiff] maintains that he is not a pro se litigant but a 'sui juris' party, his position is facially deficient. His legal position is erroneously based on a misguided reading of statutes and other authority that are common to claims asserted by sovereign citizen groups.")). There is no legal basis for granting any "change of status" sought by Cassidy to proceed "sui juris" as opposed to "pro se."

Finally, his request to schedule a jury trial is denied as premature at this time. This civil action remains on initial review pursuant to 28 U.S.C. §§1915 and 1915(e)(2).

**IT IS ORDERED** that this motion (Rec. Doc. 10) is **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED** in chambers this 28th day of May, 2025.

_____
David J. Ayo
United States Magistrate Judge