**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**HUNTER DAVID CASSIDY**                    **DOCKET NO. 6:25-cv-0279**
                                                                          **SECTION P**

**VERSUS**                                             **JUDGE DAVID C. JOSEPH**

**LAFAYETTE CITY MARSHALS, ET AL**    **MAGISTRATE JUDGE DAVID J. AYO**

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a civil rights complaint filed by Hunter David Cassidy, who is proceeding *pro se* in this matter. Rec. Doc. 1. He names as defendants the Lafayette City Marshals Office, William Delahoussaye, Shane Duplechin, Unknown Officers, Lt. Patt, Sr., T. Alexander, Reggie Thomas, Kelly Mouisset, and Myke M. Leblanc.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### I.    BACKGROUND

Cassidy filed the instant lawsuit alleging that, on May 6, 2024, he was forcibly removed without cause from a proceeding in Lafayette City Court by the defendant deputies. He contends that the officers used excessive force and physically assaulted him when he attempted to "ask a question after opening the door to the courtroom." Rec. Doc. 1, p. 2. The alleged assault involved "torture-cuffs, which were so tight they left lasting marks." *Id*. at p. 3. He was then "kidnapped and unlawfully detained" by the officers without legal cause or a warrant. *Id.* He was forced to undergo a "degrading strip search," unlawfully detained for three hours without being charged or offered a bond, and later released without charges. *Id*. He complains that he would have had "critical video evidence of the misconduct" if his First Amendment right to record inside the courtroom had not been violated. *Id*.

Cassidy alleges a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), against the officers, arguing that they were part of a "broader conspiracy and pattern of unlawful conduct." *Id.* at pp. 3-4. He also makes allegations of violations of the Freedom of Information Act (FOIA) against the Lafayette City Marshal's Office for denying his requests for public records. *Id.* at p. 4.

In an Amended Complaint filed on April 1, 2025, Cassidy raises new causes of action. Rec. Doc. 9. Specifically, he raises claims of Deprivation of Rights under Color of Law in violation of 18 U.S.C. § 242 and Conspiracy Against Rights in violation of 18 U.S.C. § 241. *Id.* at p. 2. He alleges Unauthorized Use of Trademark in violation of 15 U.S.C. § 1114 against the defendants for using his official registered trademark—his "ALL CAPS NAME"—in official documents without permission and Fraud and False Representation regarding summons and arrest notifications that he alleges were "knowingly issued without proper legal standing." *Id.*

## II.    FRIVOLITY REVIEW

Cassidy is not a prisoner nor is he proceeding *in forma pauperis*. Therefore, the screening provisions of 28 U.S.C. §§ 1915 and 1915A are not applicable. However, in *Apple v. Glenn*, the United States Sixth Circuit Court of Appeals recognized a district court's inherent authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)); *see also Deng v. Parker,* 2018 WL 6272460, at *1 (N.D. Tex. Oct. 22, 2018), adopted by, 2018 WL 6270977 (N.D. Tex. Nov. 29, 2018), appeal dismissed, 799 F. App'x 301 (5th Cir. 2020).

pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Id.* (citing 18 U.S.C. §§ 1962(c) and (d)). "To establish RICO liability, a plaintiff must show that there is a pattern of racketeering activity, as opposed to just a single, otherwise lawful transaction." *Id.* (citing *Word of Faith World Outreach Ctr. Church v. Sawyer,* 90 F.3d 118, 123 (5th Cir. 1996)). "A 'pattern of racketeering' requires at least two acts of racketeering activity . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity.'" *Id.* (quoting 18 U.S.C. § 1961(5)).

In this case, Cassidy has not shown an injury to his business or property as required by 18 U.S.C. § 1964(c). Moreover, he has not identified or shown racketeering activity, much less a pattern of racketeering activity, or an enterprise. Although he labels a purported group of defendants as a part of a "conspiracy" and further describes their alleged behavior as racketeering, such cursory allegations do not establish RICO violations such as necessary to defeat the dismissal of those claims.

"The term 'racketeering' as it is used in the RICO statute 'means ... (B) any act which is indictable under any of the following provisions of title 18, United States Code: . . . section 1341 (relating to mail fraud), section 1343 (relating to wire fraud) . . . section[ ] 2314 . . . (relating to interstate transportation of stolen property).'" *Conrad,* 2016 WL 5853738, at *6 (quoting 18 U.S.C. § 1961(1)). "To establish a civil RICO conspiracy, a plaintiff must show that: (1) two or more persons agreed to commit a substantive RICO offense, and (2) the defendant knew of and agreed to the overall objective of the RICO offense." *Id.* (citing *Davis-Lynch, Inc. v. Moreno,* 667 F.3d 539, 551 (5th Cir. 2012)). Cassidy fails to establish either element.

In sum, Cassidy has not established any of the elements of a civil RICO claim against Defendants Deputy William Delahoussaye, Lieutenant Duplechin or the other Unknown Officers. In addition, Cassidy does not have a viable RICO claim against the Lafayette City

Marshal's Office because "[m]unicipalities ... cannot be sued under RICO." *Id.* (quoting *Dickerson v. City of Denton*, 298 F. Supp. 2d 537, 544 (E.D. Tex. Jan. 7, 2004)). This claim should be dismissed.

### 3.    Count 3—FOIA Violation

The Freedom of Information Act, 5 U.S.C. § 552, "requires federal agencies to make Government records available to the public and empowers federal courts to order an agency to produce agency records improperly withheld from an individual requesting access." *Rutila v. United States Dep't of Transp.*, 72 F.4th 692, 694 (5th Cir. 2023) (cleaned up). The plaintiff bears the initial burden of establishing that the court has jurisdiction over their FOIA claims. *Goldgar v. Off. of Admin., Exec. Off. of the President,* 26 F.3d 32, 34 (5th Cir. 1994) (per curiam). That jurisdiction is "based upon the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records." *Id.* FOIA applies to agency records, "not information in the abstract." *Forsham v. Harris*, 445 U.S. 169, 185, 100 S. Ct. 977, 63 L. Ed. 2d 293 (1980). And because FOIA requires agencies to make agency records available, "the proper defendant is the agency." *Batton v. Evers*, 598 F.3d 169, 173 n.1 (5th Cir. 2010).

No federal agency is named as a defendant. Cassidy's FOIA claim against the Lafayette City Marshal's Office seeking documents relating to his arrest should be dismissed because FOIA claims against state agencies are legally insufficient as FOIA does not apply to state agencies. *Mamarella v. County of Westchester*, 898 F. Supp. 236, (S.D.N.Y. 1995); *see also Rankel v. Greenburgh*, 117 F.R.D. 50, (S.D.N.Y. 1987) ("Plaintiff appearing *pro se* was not entitled to default judgment against municipality's failure to comply with FOIA request for police department records of plaintiff's arrest, since no evidence indicated that request was served upon municipality and FOIA is not applicable to municipal corporations.").

B.    **Amended Complaint**

1.    **Count I—Deprivation of Rights Under Color of Law (18 U.S.C. § 242) & Count II—Conspiracy Against Rights (18 U.S.C. § 241)**

In his Amended Complaint, Cassidy raises claims for Deprivation of Rights Under Color of Law under 18 U.S.C. § 242 and Conspiracy Against Rights under 18 U.S.C. § 241. These legal theories are without any basis in law. Section 242 of Title 18 is a criminal statute and does not provide any private right of action. Rather, the statute is one that a federal prosecutor may apply when charging a defendant, often alongside charges under Section 241 for conspiring to deprive a victim of constitutionally protected rights under color of law. *See generally United States v. Davis,* 971 F.3d 524 (5th Cir. 2020).

2.    **Count III—Unauthorized Use of a Trademark (15 U.S.C. § 1114)**

Cassidy alleges that his name is trademarked and that the defendants unlawfully used his copyrighted identity resulting in "financial and reputational damage." Rec. Doc. 9, p. 2.

"A trademark is a symbol or a device to distinguish the goods or property made or sold by the person whose mark it is, to the exclusion of use by all other persons." *Vidal v. Elster*, 602 U.S. 286, 290, 144 S. Ct. 1507, 219 L. Ed. 2d 56 (2024). "In a trademark infringement action, the paramount question is whether one mark is likely to cause confusion with another." *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). The "proper legal test" is "whether use of the allegedly infringing mark is likely to confuse consumers as to the source of the product." *Penn Fishing Tackle Mfg. Co. v. Pence*, 505 F.2d 657, 657 (5th Cir. 1974).

"To plead a claim for trademark infringement in violation of the Lanham Act, a plaintiff must allege that: '(1) [the plaintiff] possesses a legally protectable trademark and

(2) [the defendant's] use of this trademark creates a likelihood of confusion as to source, affiliation, or sponsorship.'" *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021) (quoting *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017)).  Courts use a non-exhaustive list of factors to evaluate whether there is a likelihood of confusion: (1) the type of trademark; (2) mark similarity; (3) product similarity; (4) outlet and purchaser identity; (5) advertising media identity; (6) defendant's intent; (7) actual confusion; and (8) care exercised by potential purchasers. *Id.* at 427.

Here, Cassidy does not allege any facts that even remotely approximate a claim of trademark infringement. He offers no allegations establishing that the defendants used a mark "likely to cause confusion with another" mark. Further, he fails to allege that defendants used his name in any manner likely to confuse or deceive consumers. *See Mells v. Loncon*, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019), adopted by, 2019 WL 1338411 (S.D. Ga. Mar. 25, 2019) (finding similar allegations "gobbledygook" and approaching or exceeding "the level of the irrational or the wholly incredible"); *Collins v. Biden*, 2024 WL 4753931, at *3 (E.D. Cal. Nov. 12, 2024), adopted by, 2024 WL 5202455 (E.D. Cal. Dec. 23, 2024) (finding, where the plaintiff alleged claims similar to the ones presented here, that the plaintiff did not state a cause of action; rather, he "appears to have filed this lawsuit because he is displeased that an arrest warrant has been issued against him").  This claim should be dismissed.

### 3.    Count IV—42 U.S.C. § 1983

This claim is duplicative of Claim 1 in the Original Complaint and, as such, should be dismissed.

### 4.    Count V—Fraud and False Representation

Finally, Cassidy claims that fraudulent summons and arrest notifications were knowingly issued without proper legal standing because they used the trademarked "ALL

CAPS NAME" without authorization.  As discussed above, this claim has no merit and should be dismissed.

### IV.    Improper Parties

#### A.    Deputy Clerks of Court Kelly Mouisset and Myke M. Leblanc

Deputy Clerks of Court Kelly Mouisset and Myke M. Leblanc "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981).

#### B.    Lafayette City Marshal Reggie Thomas

Cassidy has sued Reggie Thomas in his supervisory capacity as the Lafayette City Marshal and is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dep't of Crim. Justice, Inst. Div.,* 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983).  Cassidy failed to allege facts sufficient to demonstrate either personal involvement in this incident or the implementation of unconstitutional policies by Reggie Thomas related to this incident, nor did he identify a specific policy, procedure or custom upon which he is basing his claims.  Therefore, claims against Reggie Thomas should be dismissed.

#### C.    Lafayette City Marshal's Office

Federal courts in Louisiana have uniformly held that entities without a separate jural existence, such as municipal police departments and parish sheriff's departments, are not

subject to suit. *See, e.g., Francis v. Terrebonne Par. Sheriff's Office*, 2009 WL 4730707, at \*2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002)); *Causey v. Parish of Tangipahoa,* 167 F. Supp. 2d 898, 909 (E.D. La. 2001) (citing *Norwood v. City of Hammond*, 1999 WL 777713, at \*2 (E.D. La. Sep. 30, 1999)). Upon consideration, the Court thus concludes that Cassidy's claims against the Lafayette City Marshal's Office should be dismissed with prejudice.

## V.     CONCLUSION

Therefore,

**IT IS RECOMMENDED** that the following claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted: Original Complaint Count 2, Original Complaint Count 3, Amended Complaint Counts I-V.

**IT IS FURTHER RECOMMENDED** that the following defendants be **DISMISSED WITH PREJUDICE**:  Kelly Mouisset, Myke M. Leblanc, Reggie Thomas, and the Lafayette City Marshal's Office.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers this 18th day of December, 2025.

David J. Ayo
United States Magistrate Judge